**IN THE UNITED STATES DISTRICT COURT**
**OR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KARONDA ROBINSON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **ALLY FINANCIAL INC.** | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Karonda Robinson ("Robinson" or "Plaintiff"), complaining of Defendant Ally Financial Inc. ("Ally" or "Defendant"), and for causes of action respectfully shows the Court as follows:

### I.

### THE PARTIES

1.01    Plaintiff Karonda Robinson is an African American female, a Texas resident who can be contacted through her undersigned legal counsel.

1.02    Defendant Ally Financial Inc. is a Foreign For-Profit Corporation authorized to do business in Texas with a Texas address of 2911 Lake Vista Drive, Lewisville, Texas 75067. Defendant can be served with process by service upon its agent for service of process in Texas by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

---

Plaintiff's Original Complaint
Karonda Robinson v. Ally Financial Inc.

1

## II.

## JURISDICTION AND VENUE

2.01     Jurisdiction is confered on this Court by 28 U.S.C. §1331, 42 U.S.C. §1981, 42 U.S.C. 2000e et seq., and pendent and supplemental jurisdiction of the common law counts.

2.02     Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District, pursuant to 28 U.S.C. §1391.

## III.

## FACTUAL ALLEGATIONS

3.01.     Plaintiff began working for Ally Financial on October 3, 2016.

3.02.     While Plaintiff was working for Defendant, Plaintiff had a second job in which she worked outside of Defendant's business hours.  Defendant is a banking firm

3.03     Defendant has more than 1,000 employees.

3.04     Plaintiff is a 56 year old African American female.  Defendant is a publicly owned corporation.  Plaintiff reported to Adrienne Green-Brown, whose title is Supervisor and Mike Snell whose title is Manager.

3.05     Plaintiff was scheduled for an appointment with HR and the Fraud Department on Thursday, September 1, 2021, due to the fact that she was working a second job and had not filled out a Code of Conduct Letter.

3.06     Plaintiff had never been made aware that there needed to be a Code of Conduct Letter filled out if an employee was working a second job.

3.07     Plaintiff had usually worked a second job in her entire career with Defendant.

Plaintiff's Original Complaint
Karonda Robinson v. Ally Financial Inc.

2

3.08     Plaintiff had never been advised she needed to fill out a Code of Conduct Letter.

3.09     In the hearing with HR and Fraud they could not tell her for sure where the Code of Conduct Letter could be found to fill out when working a second job.

3.10     Plaintiff went back to work after this hearing and continued to work for the entire day.  Plaintiff did find this "Code of Conduct Letter" finally and filled it out and turned it in.

3.11     Even after having the hearing, working the rest of the day and filling out the Code of Conduct Letter once she was told about it, Plaintiff was terminated on September 2, 2021.

3.12     There were 2 white gentlement that also worked second jobs and had not filled out the Code of Conduct Letter and they were not fired.

## IV.

## FIRST COUNT

## 42 U.S.C. § 1981 – RACIAL DISCRIMINATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

4.01.    The foregoing paragraphs of this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

4.02.    42 U.S.C. §1981 provides that:

**"§ 1981.  EQUAL RIGHTS UNDER THE LAW**

(a)  Statement of equal rights. – All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b)  'Make and enforce contracts' defined. – For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

Plaintiff's Original Complaint
Karonda Robinson v. Ally Financial Inc.

3

(c)  Protection against impairment. – The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State Law."

4.03     Defendant has deprived Plaintiff of her right to make and enforce contracts and to "the full and equal benefit of all laws and proceedings" as is enjoyed by other citizens, in violation of 42 U.S.C. § 1981.

4.04     Defendant has engaged in a single, continuous course of conduct of discrimination against Plaintiff because of his race, and in retaliation, in order to destroy Plaintiff, her career, and her professional life.

4.05     Such discrimination by Defendant against Plaintiff was intentional and was a motivating factor in Defendant's conduct toward Plaintiff.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, overtime pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses.  Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court.  Plaintiff also seeks to recover all costs of Court, attorney's fees, and expert fees.

Plaintiff's Original Complaint
Karonda Robinson v. Ally Financial Inc.

4

## V.

## SECOND COUNT

## UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. § 2000(E) ET SEQ and CHAPTER 21 OF THE TEXAS LABOR CODE.

5.01    The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

5.02    Pursuant to 42 USC section 2000(E) *et seq*., an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who opposes a discriminatory practice; makes or files a charge; files a complaint; or testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

 5.02    The same provision is found in Chapter 21.055 of the Texas Labor Code.

5.04    Defendant retaliated against Plaintiff after she had taken a second job and did not file a Code of Conduct Letter with Defendant letting them know of the second job.  Defendant terminated Plaintiff's employment for no apparent reason.

5.05    Defendant terminated Plaintiff's employment on September 2, 2021.  Defendant gave no reason for Plaintiff's termination because  Plaintiff had committed no wrongdoing Defendant's failure to provide a reason raises the presumption that Defendant retaliated against Plaintiff for her working a second job and not reporting it to Defendant.

5.06    Defendant knowingly and willfully retaliated against Plaintiff for her working a second job in violation of Title VII.Defendant's conduct was malicious and/or taken with reckless disregard for Plaintiff's rights.  It was foreseeable by Defendant that Plaintiff would suffer harm as a result of the retaliation and discrimination.

Plaintiff's Original Complaint
Karonda Robinson v. Ally Financial Inc.

5

## VI.

## JURY DEMAND

6.01 Plaintiff demands trial by jury on all issues raised by this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have the following relief against Defendant:

1.    Judgment for back and front pay and all past and future lost benefits, including overtime pay;

2.    Judgment for actual damages in the amount of past and future lost earnings and benefits, and damages to past and future earnings capacity;

3.    Compensatory damages for the humiliation, damage to reputation, mental and emotional distress, and pain and suffering Plaintiff has experienced and endured as a result of the discriminatory actions of Defendant;

4.    The costs and expenses incurred by Plaintiff in seeking new employment;

5.    Damages for past and future mental anguish and emotional distress and damages to reputation;

6.    Exemplary damages in an amount determined by the trier of fact;

7.    Prejudgment and postjudgment interest at the maximum legal rate;

8.    Preliminary and permanent injunctive relief;

9.    Attorney's fees;

10.    Expert's fees;

11.    All costs of court; and

12.    Such other and further relief to which Plaintiff may be justly entitled.

Plaintiff's Original Complaint
Karonda Robinson v. Ally Financial Inc.

6

Dated: This 25th day of October, 2022.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: _W. D. Masterson_

W. D. Masterson
SBN 13184000
wdm@kilgorelaw.com
D. Elizabeth Masterson
SBN: 00791200
**Kilgore & Kilgore, PLLC**
3141 Hood Street
Dallas, TX  75219
214-969-9099 – Telephone
214-953-0133 – Fax

**ATTORNEYS FOR PLAINTIFF
KARONDA ROBINSON**

Plaintiff's Original Complaint
Karonda Robinson v. Ally Financial Inc.

7